NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI AFSHAR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUTGERS UNIVERSITY, *et al.*,<br><br>Defendants. | Civil Action No. 24-7251 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

*Pro se* Plaintiff Ali Afshar seeks to proceed *in forma pauperis* ("IFP") in this case, purportedly brought on behalf of an entity called Age Reversal Unity, seeking declaratory and injunctive relief against approximately 46 New Jersey institutions of higher education for the compulsory creation of "academic programs dedicated to the study and advancement of human immortality." (ECF No. 4.)[1]

First, the Court denies Plaintiff's application to proceed IFP under 28 U.S.C. § 1915(a). The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets," *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citation omitted), which "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty," *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citation omitted). Although Plaintiff filled out an IFP application, he wrote "0" for every single box, declaring that he has no income, no assets, no savings, and most implausibly, no

---

[1] Plaintiff filed a "Complaint" on June 25, 2024, and an "Amended Complaint" later the same day. (ECF Nos. 1, 4.) For the purposes of screening pursuant to 28 U.S.C. § 1915(e)(2), the Court considers both documents together as the Complaint.

expenses. (ECF No. 1-2.) These figures do not represent a good faith effort to state his income and assets, such that the Court is unable to evaluate Plaintiff's claimed indigency.

Second, the Court will screen the Amended Complaint and dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2). To guard against potential "abuse" of "cost-free access to the federal courts," *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (citation omitted), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

The "nature of the action" included on the first page of Plaintiff's filing accurately sums up the entirety of the relief Plaintiff seeks in his Complaint:

> This is an action for declaratory and injunctive relief in which Plaintiff seeks a court order compelling Defendants to establish an undergraduate degree program in "Immortality" at their respective institutions. Plaintiff asserts that immortality, as a concept and a field of study, is a fundamental human right, akin to the right to life, and that universities have an obligation to advance human society by exploring and teaching this emerging discipline.

(ECF No. 4 at 2.) The remainder of the Complaint expands on Plaintiff's beliefs regarding immortality and aging and invokes several general constitutional and legal principles into which Plaintiff attempts to shoehorn his claims. The Court has reviewed each of Plaintiff's legal theories[2] and finds they are all frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989))). It is clear what relief Plaintiff seeks, and that such relief is unavailable under any legal theory or set of facts. Therefore, any attempt to amend the

---

[2] Because the suit is baseless, the Court does not address each legal theory put forward. A sample of the claims listed in the Complaint include: violation of the right to academic freedom, violation of the Equal Protection Clause of the Fourteenth Amendment, breach of contractual obligations to society, failure to foster a culture of innovation, failure to provide comprehensive science education, breach of fiduciary duty, violation of the First Amendment, unjust enrichment, and tortious interference. (ECF No. 4 at 4–12.)

Complaint will be futile, and the Court will dismiss the Complaint with prejudice. *See Algieri v. Vanaskie*, 220 F. App'x 74, 75 (3d Cir. 2007) (affirming district court's decision to dismiss with prejudice on section 1915(e) screening because amendment would have been futile); *Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (same). Therefore,

**IT IS** on this 11th day of October, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is **DENIED**;

2. Plaintiff's Complaint, (ECF Nos. 1, 3), is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e);

3. The Clerk's Office is directed to **CLOSE** this matter and serve on Plaintiff by regular U.S. mail this Memorandum Order.

                                                                          _____
                                                                          **ROBERT KIRSCH**
                                                                          **UNITED STATES DISTRICT JUDGE**